ZERTANNA, Defendant in Error, v. GRAY, Plaintiff in Error.

**St. Louis Court of Appeals, November 3, 1903.**

1. **Assignment of Accounts.** Plaintiff wrote defendant advising him of the assignment of certain bills attached, aggregating $152.85, a part of which he ordered paid from amounts due him for plumbing material, and the balance due on a certain building contract, but did not identify nor embrace demand for extra work: *Held*, such demand for extra work was not covered by the assignment.

2. **Appellate Practice:** WEIGHT OF EVIDENCE. Assignments of error depending on the weight of testimony in action on account, will not be considered by the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. S. P. Spencer*, Judge.

AFFIRMED.

*Robert L. McLaran* for plaintiff in error.

*Thomas P. Bashaw* for defendant in error.

REYBURN, J.—This action upon an open account for a balance alleged, was tried anew in the circuit court upon appeal from the judgment of the justice of the peace; a non-jury trial was had, no instructions were asked or given and a judgment rendered in favor of plaintiff for part of his demand, apparently an item of $105 and interest for extra work in excavating rock to lay sewer at a location designated.

It is urged on behalf of defendant that before suit plaintiff had assigned to a creditor this alleged indebtedness and therefore he was precluded from action thereon, having ceased to be the real party in interest, and the following letter addressed to defendant by plaintiff was introduced:

"St. Louis, Mo., Feb. 13, 1901.
"Mr. F. H. Gray, City:

"Dear Sir: I have this day assigned to the National Plumbing Supply Company the following bills as attached herewith, amounting in all to the sum of $152.85; $85.69 of this amount is to be paid at once, covering my order bearing date of January 10, covering plumbing material furnished me by the National Plumbing Supply Company for plumbing work I have put in at 4160-62-64 Blaine avenue. Inasmuch as there is but $76 still due me on my contract for the buildings 4160-62-64 Blaine avenue, you will deduct from the balance still due me of $38.75 on the two flats on north side of Blaine avenue, east of Thurman, the sum of $9.69 to cover amount of my order, $85.69. The balance of $67.16 to be paid to the National Plumbing Supply Company as soon as the three sewer connections are made to the sewer now in the rear of the flats known as No. 2.

"By so doing you will oblige, and charge the above amounts to my account. Yours truly,

ALEX A. ZERTANNA."

This, the only evidence of transfer of plaintiff's demands against defendant, gave notice of the assignment of items of indebtedness to the aggregate of $152.85, but did not identify nor embrace the demand for extra work sought to be enforced in this action.

The other assignments of error consist of an analysis and discussion of the state of accounts, debits and credits between plaintiff, who was a plumber, and defendant, who was a builder, involved in the sewer and plumbing work upon three sets of flats erected by defendant during the year, and bear upon the weight of the testimony, which can not be considered by this court.

The finding of the lower court was warranted by the testimony and its judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.